UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSLYN HEAD LYONS,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM,<br><br>Defendant. | Case No. 20-cv-08088-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Pending before the Court is Defendant Alameda Health System's motion to dismiss, for which briefing is complete. Dkt. Nos. 6, 6-1 ("Mot."), 20 ("Opp."), and 21 ("Reply"). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

**I.    BACKGROUND**

Plaintiff Roslyn Head, proceeding *pro se*, alleges claims under Title VII and the Age Discrimination in Employment Act ("ADEA"). *See* Dkt. No. 1 ("Compl.").

Plaintiff works as an Admissions Coordinator "in one of Defendant's adult outpatient psychiatric programs." Compl. ¶¶ 7–8. Plaintiff alleges that her co-worker, Nesbit Crutchfield, subjected her to "unwelcome conduct of a sexual nature at least twice a week through July 8, 2016." *Id.* at ¶ 10. According to Plaintiff, Crutchfield "made directed and unwelcome personal inquiries such as "was your husband your first [sexual encounter]" and "I like your lips." *Id.* at ¶ 11. On July 8, 2016, "at a work-related social gathering," Crutchfield "persistently groped and squeezed [her] upper thigh while his finger pointed to [her] crotch area," and during the first physical contact whispered, "I'm in love with you." *Id.* at ¶ 14. Soon after at a meeting on July 22, 2016, Crutchfield admitted that "he saw himself as having an affair with [her]" and "admitted

to having sexual[ly] harassed other women in the past." *Id.* at ¶ 16.

Plaintiff alleges that she complained to the Program Manager, Michael McAdoo, and the Labor Representative, Desiree Moseley, on December 30, 2016 and January 19, 2017, respectively. *Id.* at ¶ 20. But when Plaintiff reported the unwelcome conduct to her supervisor and human resources, they were dismissive, berated her, and "displayed bias . . . in deference to treatment shown Crutchfield," who later filed a complaint that Plaintiff was causing a hostile work environment by sitting in a certain area during work meetings. *Id.* at ¶¶ 20–21, 35. McAdoo insisted that she meet with Crutchfield, dismissed Plaintiff's concerns about trauma, and later "berated" her "in an intimidating and accusatory voice . . . asking 'did you not take the sexual harassment training?'" *Id.* at ¶¶ 27, 29. McAdoo later accused Plaintiff of making 'threats' against Crutchfield for filings complaints of sexual harassment and later refused to talk to her when she visited McAdoo's office "to ask why [she] was being harassed and targeted." *Id.* at ¶¶ 31, 34.

Plaintiff further alleges that from January 19, 2017 through August 30, 2018, Crutchfield seemed "emboldened" by her complaints and began a pattern of "intimidating behavior," including "purposefully walking close to [her] when [she] was in the hall, turning his head towards [her] when she was in the same physical space, and/or glaring directly at [her] in a threatening way." *Id.* at ¶ 23. "On or around March 2017, Crutchfield blew up at [Plaintiff] when he requested [Plaintiff] intervene on a case of a closed patient." *Id.* at ¶ 44. Plaintiff indicates that Crutchfield's "disruptive" behavior "emotionally jarred [her] for a few minutes and disrupted [her] focus to address the task [she] was working on." *Id.* Though Plaintiff reported the incident to McAdoo, she "did not receive any acknowledgment or response." *Id.*

Plaintiff met with Moseley on February 23, 2017, and Moseley agreed to speak with Human Resources about a transfer. *Id.* at ¶ 41. On March 6, 2017, Plaintiff complained to Moseley about Crutchfield's intimidating conduct and, "at Moseley's suggestion[,] [Plaintiff] requested a transfer since [Plaintiff] no longer felt safe." *Id.* at ¶ 42. On April 10, 2017, Plaintiff received an email from Human Resources stating that the department does not transfer employees in Plaintiff's circumstances. *Id.* at ¶ 47.

On May 1, 2017, Plaintiff filed an EEOC charge. *Id.* at ¶ 59. In June 2017, Plaintiff "applied for the Medical Social Worker I/II position with Defendant," but "Defendant deliberately moved the location of the interview and purposefully failed to notify her." *Id.* at ¶ 48. Plaintiff "never received notice" that she was not selected, but later learned that Defendant selected two younger individuals who "had not complained of discrimination to Defendant before" and were "not known to have medical social work inpatient hospital experience." *Id.* at ¶¶ 49–51. Plaintiff believes that she was not selected "base[d] on [her] age and in retaliation to filing [her EEOC] charge." *Id.* at ¶ 52.

Plaintiff alleges that during the first week of July 2018, Crutchfield "blew up at [her] again," but she chose not to report the incident since she felt "Defendant would not do anything to stop it and/or retaliate against her." *Id.* at ¶ 52.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

3

2008). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted).

## III.   DISCUSSION

Plaintiff brings the following causes of action: (1) sexual harassment; (2) failure to prevent sexual harassment; (3) sex discrimination; (4) age discrimination; and (5) retaliation. Compl. ¶ 3. Defendant argues that Plaintiff's complaint is time-barred, that Plaintiff fails to allege sufficient facts to support any of her claims, and that Plaintiff's ADEA claim is barred by the Eleventh Amendment. *See generally* Mot. Alternatively, Defendant moves for a more definite statement. *See id.*

### A.   Statute of Limitations

Defendant contends that all of Plaintiff's claims are time barred. Mot. 5–6. The parties agree that in order for a plaintiff to administratively exhaust a Title VII or ADEA claim, she must file an EEOC charge by, at the latest, 300 days after the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1-2). But Defendant argues that Plaintiff filed her EEOC charge on August 3, 2018, and thus argues that only incidents dating back no further than October 7, 2017 can support her claims here.[1] Mot. at 5. Based on the facts alleged, the Court disagrees. Plaintiff alleges that she "filed charges with the [EEOC] regarding defendant's alleged discrimination on May 1, 2017." Compl. ¶ 59. Plaintiff further alleges that the EEOC issued a Notice-of Right-to-Sue Letter on or about August 18, 2020. *Id.* at ¶ 60. Plaintiff notes

---

[1] Defendant requests that the Court take judicial notice of Plaintiff's EEOC charge marked as received on August 3, 2018. *See* Dkt. No. 6-2, Ex. 1. "Judicial notice is appropriate for records and 'reports of administrative bodies.'" *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954)). Citing *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012), Defendant argues that the Court may assume the contents are true for purposes of a motion to dismiss. But *Davis* concerned the incorporation by reference of documents relied on in the complaint. *See id.* By contrast, in its request for judicial notice, Defendant does not ask the Court to consider the document incorporated by reference, and doing so would be inappropriate because Plaintiff does not rely on the document in the complaint. Accordingly, the Court **GRANTS** the request as to Exhibit 1 only to the extent of recognizing its existence as an administrative record, and not for the truth of its contents.

that August 3, 2018 is the "date that the EEOC concluded its process for Plaintiff to formally execute her EEOC charge." Opp. at 7. Defendant contends that it is "unclear" if the May 2017 charge is related to this action, *see* Reply at 2, but at this stage, making all inferences in Plaintiff's favor, Plaintiff has pled enough facts to plausibly allege that her claims are timely. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.' ") (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)).

### B. Sexual Harassment and Failure to Prevent Sexual Harassment

Title VII prohibits sex discrimination, including sexual harassment, in employment. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002). When evaluating a claim for sexual harassment based on a hostile work environment, the court must determine "two things: whether the plaintiff has established that he or she was subjected to a hostile work environment, and whether the employer is liable for the harassment that caused the environment." *Id.* To establish that plaintiff was subjected to a hostile work environment, the plaintiff must show that: (1) she or he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her or his employment and create an abusive working environment. *Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir. 1991). To be actionable, the Supreme Court has held that a "sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

Based on its statute of limitations argument, Defendant argues that incidents occurring on or after October 7, 2017 were not of a sexual nature or sufficiently pervasive or severe to amount to actionable sexual harassment. Mot. at 7. But the Court has rejected Defendant's statute of limitation claim, and consequently rejects Defendant's attempt to limit the relevant incidents to those occurring after October 7, 2017. And the Court declines to credit Defendant's arguments about the nature or pervasiveness of the alleged conduct at this stage. *See Haro v. Therm-X of*

*California, Inc.*, No. 15-CV-02123-JCS, 2015 WL 5121251, at *6 (N.D. Cal. Aug. 28, 2015) (finding that defendant's arguments "about the severity or pervasiveness of the alleged harassment . . . are better addressed as questions of fact"); *see also Corrales v. Chase Bankcard Serv., Inc.*, 128 F. App'x 598, 599 (9th Cir. 2005) (reversing dismissal of plaintiff's hostile work environment claim for failure to state a claim because "[c]onsidering all the circumstances alleged in the complaint, we cannot say that a reasonable woman in [plaintiff's] position would not consider the terms and conditions of her employment altered").[2] A plaintiff in an employment discrimination case need not allege a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508–11 (2002); *see also Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012); *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1300 (N.D. Cal. 2020) ("[A] plaintiff is not required to plead a prima facie case of discrimination or retaliation in order to survive a motion to dismiss.").[3] Plaintiff alleges that she was subjected to unwelcome verbal and physical conduct of a sexual nature and details several examples. As pled, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for sexual harassment based on hostile work environment.

With respect to Plaintiff's claim for failure to prevent harassment, Plaintiff alleges that Defendant failed "to take reasonable steps to prevent . . . harassment . . . in violation of Title VII." Compl. ¶ 3. But the Court has found no authority establishing a separate cause of action under Title VII for failure to prevent harassment. *See Emens v. Pleasant Valley Sch. Dist.*, No. 217CV09114SVWRAO, 2020 WL 2494743, at *3 (C.D. Cal. Jan. 17, 2020) (dismissing claim for failure to prevent discrimination under Title VII because the court found no such cause of action after "search[ing] both caselaw and the text of Title VII"); *Bassett v. Hawaii Disability Rts. Ctr.*, No. CV 18-00475 JMS-KJM, 2020 WL 7351113, at *6 (D. Haw. Nov. 20, 2020) (same). Instead,

---

[2] As an unpublished Ninth Circuit decision, *Corrales* is not precedent, but can be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

[3] Though not required, "where a plaintiff pleads a plausible prima facie case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss." *Sheppard*, 694 F.3d at 1050 n.2. And a court may "look to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015). Plaintiff has done so here.

1  authorities discussing any alleged failure to prevent harassment under federal law appear to
2  address the issue in the context of an affirmative defense.  *See Craig v. M & O Agencies, Inc.*, 496
3  F.3d 1047, 1055 (9th Cir. 2007) (noting that unless tangible employment action is taken against
4  the employee, an employer may assert the "reasonable care" affirmative defense by showing "(a)
5  that the employer exercised reasonable care to prevent and correct promptly any sexually
6  harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of
7  any preventive or corrective opportunities provided by the employer or to avoid harm otherwise")
8  (citation omitted).  There is, however, a cause of action for failure to prevent harassment under
9  California's Fair Employment and Housing Act ("FEHA"):  California Government Code §
10 12940(k) makes it unlawful "[f]or an employer . . . to fail to take all reasonable steps necessary to
11 prevent discrimination and harassment from occurring."  *See also Andrade v. Arby's Rest. Grp.,*
12 *Inc.*, 225 F. Supp. 3d 1115, 1131 (N.D. Cal. 2016) (outlining elements for FEHA claim for failure
13 to prevent harassment).
14    Accordingly, the Court **DISMISSES** Plaintiff's failure to prevent harassment claim with
15 leave to amend to provide supporting authority for her claim under Title VII, or to allege a failure
16 to prevent harassment claim (and underlying harassment claim) under FEHA.
17    **C.    Sex Discrimination**
18    To state a prima facie case of discrimination, a plaintiff must show that "(1) she belongs to
19 a protected class; (2) she was qualified for her position; (3) she was subject to an adverse
20 employment action; and (4) similarly situated individuals outside her protected class were treated
21 more favorably."  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).  Defendant
22 argues that Plaintiff fails to plead an adverse action, since she is still employed by Defendant, and
23 that Plaintiff includes no factual allegations "regarding any treatment of non-female employees."
24 Mot. at 12; Reply at 6.  Plaintiff did not address Defendant's arguments in her opposition.  The
25 Court agrees that it is unclear which particular adverse action(s) Plaintiff alleges with respect to
26 any sex discrimination claim, and there are sparse factual allegations relating to Defendant's
27 treatment of non-female employees.  And it is generally unclear whether Plaintiff seeks to allege a
28 separate sex discrimination claim based on all of the allegations relating to her sexual harassment

7

1  claim, a theory that males are treated more favorably in making complaints, or a theory that she
2  was denied a position or transfer on account of her sex.  In light of this ambiguity, the Court
3  **DISMISSES** Plaintiff's sex discrimination claim with leave to amend to clarify the basis of the
4  claim, providing enough specific facts for the Court to evaluate whether she has met the
5  plausibility pleading standard.

### D. Retaliation

Title VII makes it unlawful for an employer to retaliate against an employee because the employee has taken action to enforce rights protected under Title VII.  *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 730 (9th Cir. 1986).  To prove a *prima facie* case of retaliation, a plaintiff must show: (1) that she engaged in a protected activity; (2) she was subsequently subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's action.  *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011) (citation omitted). "[O]nly non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation."  *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 693 (9th Cir. 2017) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)).

It appears that Defendant does not dispute that Plaintiff engaged in protected activity.  But Defendant argues that Plaintiff fails to establish an adverse action and the necessary casual connection between the protected activity and that adverse action.  Mot. at 13.  But Plaintiff need not establish a prima facie case of retaliation at this stage.  *Cloud*, 436 F. Supp. 3d at 1300.  The Court construes Plaintiff's complaint to allege that she was denied a transfer and was not selected for the position of Medical Social Worker I/II because she filed a sexual harassment complaint. *See* Compl. ¶¶ 5, 47, 49, 52, 56.  As to Defendant's claim that no adverse action is pled, Plaintiff need not show that the retaliatory action resulted in "a materially adverse change in the terms or conditions of [one's] employment," but only that it would deter a reasonable employee from complaining.  *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70 (2006).  The Court finds that it is more appropriate to decide on a developed factual record whether the denial of a requested transfer or being passed over for this job position would "dissuade a reasonable

worker from making or supporting a charge of discrimination." *See id.* at 68 (internal quotation marks omitted). Accordingly, as pled, Plaintiff has alleged sufficient facts to give rise to a plausible claim.

### E. Age Discrimination

"In a failure-to-promote case, a plaintiff may establish a prima facie case of discrimination in violation of the ADEA by producing evidence that he or she was (1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person." *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012).

It appears undisputed that Plaintiff is at least forty years old. *See* Compl. ¶ 7. But Defendant argues that Plaintiff's ADEA claim fails because Plaintiff fails to allege facts to suggest that she suffered an adverse action "that materially changed the terms and conditions of her job," and fails to show that she was similarly situated to the candidates selected or was qualified. Mot. at 10. Again, Plaintiff is not required to plead a prima facie case of discrimination. *See Sheppard*, 694 F.3d at 1050 n.2. Plaintiff alleges that she "applied for the Medical Social Worker I/II position with Defendant," that she had "sixteen [] years of medical social work experience," and that Defendant selected two younger individuals who were "not known to have medical social work inpatient hospital experience." *Id.* at ¶¶ 48–52. As pled, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for age discrimination. To the extent Defendant argues that "the position appears to be a demotion," *see* Mot. at 10, that is an issue of fact for a later stage of the case.

Defendant also argues that the Eleventh Amendment bars Plaintiff's age discrimination claim under the ADEA. Mot. at 11. Defendant argues that hospital districts are "arms of the state" that "enjoy the state's immunity from liability under the ADEA." *Id.* Though Plaintiff did not dispute that the Eleventh Amendment bars her age discrimination claim, the Court finds that Defendant has not established as a matter of law that it is a state agency for purposes of Eleventh

9

Amendment immunity.[4]  Based on the Court's cursory internet research, AHS is characterized as "an integrated public health care system" that is governed by a "hospital authority" established by the Board of Supervisors of Alameda County.  *See* ALAMEDA HEALTH SYSTEM, http://www.alamedahealthsystem.org/about-us/ (last visited April 7, 2021); Cal. Health & Safety Code § 101850(a)(1).  At the motion to dismiss stage, and given the absence of any allegations relevant to this question in the complaint, the Court cannot find that Defendant is unambiguously an arm of the state for purposes of the Eleventh Amendment.  *See Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (outlining five factors to examine whether a governmental agency is an arm of the state for purposes of Eleventh Amendment immunity); *see also Mugno v. Hazel Hawkins Mem'l Hosp.*, No. 16-CV-06922-LHK, 2017 WL 2289222, at *9 n.5 (N.D. Cal. May 25, 2017) (declining to reach district defendants' Eleventh Amendment immunity argument at motion to dismiss stage, in part because parties did not provide "sufficient facts regarding the operations of the District" and did not brief "how the facts fit within the five [*Mitchell*] factors").  Although Defendant raises its argument as a jurisdictional challenge, the Ninth Circuit has held that "the Eleventh Amendment is more appropriately considered an affirmative defense than a jurisdictional bar."  *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 821 n.8 (9th Cir. 2001).  Accordingly, the Court declines to reach Defendant's Eleventh Amendment argument at this stage.  But the Court grants Plaintiff's related request to amend her complaint to allege an age discrimination claim under FEHA.  *See* Opp. at 17–18.

## IV. CONCLUSION

The Court **GRANTS IN PART** Defendant's motion to dismiss as follows:  the Court **DISMISSES** Plaintiff's failure to prevent harassment claim and Plaintiff's sex discrimination claim with leave to amend.  Defendant's request to dismiss Plaintiff's remaining claims is

---

[4] Defendant cites *Palomar Pomerado Health Sys. v. Belshe*, 180 F.3d 1104 (9th Cir. 1999), to support its contention that it is a state agency entitled to immunity.  *See* Mot. at 11.  Though the Ninth Circuit held that the plaintiff, "a health care district," was a "political subdivision" and "an agency of the state", the case does not establish that Defendant is a health care district or state agency entitled to Eleventh Amendment immunity.  *See Palomar Pomerado Health Sys.*, 180 F.3d at 1106–08.

**DENIED** because Plaintiff has adequately pled those claims.[5] Plaintiff shall file any amended complaint within twenty-eight (28) days of the date of this order. In the amended complaint, Plaintiff should clearly identify the facts and theory supporting any sex discrimination claim. Plaintiff should also identify the legal authority establishing her failure to prevent harassment claim under Title VII, or allege the claim and underlying harassment claim under FEHA. Additionally, the Court **LIFTS** the stay on the parties' General Order 71 obligations.

The Court **SETS** a case management conference on April 13, 2021 at 2:00 p.m. In light of COVID-19 and pursuant to General Order No. 72-6, the conference will be held by Zoom Webinar. All parties must call in fifteen minutes before the hearing to test internet, video, and audio capabilities. Parties, as well as members of the press and public, may access the Zoom Webinar information at: https://www.cand.uscourts.gov/hsg. For call clarity, all those intending to participate during the Zoom Webinar hearing are asked to use a headset. Persons granted remote access to court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings (including those held by telephone or videoconference). *See* General Order 58 at Paragraph III. Any recording of a court proceeding held by video or teleconference, including "screen-shots" or other visual copying of a hearing, is absolutely prohibited. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, or any other sanctions deemed necessary by the court.

**IT IS SO ORDERED.**

Dated: 4/8/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] Defendant's motion for a more definite statement is **DENIED AS MOOT**.